LYMAN PARSONS v. A. H. BABCOCK.

FILED APRIL 17, 1894. No. 5287.

Usury: EVIDENCE: REVIEW. Evidence examined, and *held* to sustain the finding that the contract sued on is tainted with usury.

ERROR from the district court of Gage county. Tried below before BROADY, J.

*J. E. Cobbey,* for plaintiff in error.

*J. A. Smith, contra.*

POST, J.

This was an action in the district court of Gage county on a note executed by the defendant for $1,066.90, under date of February 14, 1884, payable to the order of the plaintiff two years from date with interest at the rate of eight per cent per annum. The answer, omitting caption, is as follows: "That the note set forth in plaintiff's petition, and upon which this action is brought, was executed by this defendant for the sole purpose of taking up another note executed by this defendant to said plaintiff on the 15th day of September, 1879, for the payment to the plaintiff or order of the sum of $656.33, with interest at the rate of twelve per cent per annum, and which said note of September 15, 1879, was so executed by this defendant for the sole purpose of taking up the following notes, viz.: One executed by this defendant in the name of Collins & Babcock, dated August 21, 1874, for the sum of $114.50, payable to plaintiff or bearer one day after date with interest at twenty per cent per annum; one executed by this defendant in the name of Collins & Babcock, dated July 1, 1874, for the sum of $52.92, payable to plaintiff or bearer one day after date with interest at twenty per cent per annum; one executed by this defendant in the name of Collins & Babcock, dated August 1, 1874, for the sum of $25.98, payable to plaintiff or bearer one day after date with interest at twenty per cent per annum; one executed by this defendant in the name of Collins & Babcock, dated August 3, 1874, for the sum of $34.85, payable to plaintiff or bearer one day after date with interest at twenty per cent per annum; one executed by this defendant, dated June 27, 1874, for the sum of $86.25, payable to plaintiff or bearer with interest at twenty per cent per annum; one executed by

this defendant, dated August 1, 1874, for the sum of $18.19, payable to plaintiff or bearer with interest at twenty per cent per annum; and one executed by this defendant, dated August 3, 1874, for the sum of $4.89, payable to plaintiff or bearer with interest at twenty per cent per annum; all of which said seven notes last above described were given for money loaned to this defendant by said plaintiff to the amount of $337.58. On the 15th day of September, 1879, the said notes representing said amount of $337.58, the interest was calculated and figured at the rate of twenty per cent per annum and added to the principal, amounting to the sum of $683.44, from which amount a credit was taken of $27.66, leaving a balance due the plaintiff on said notes of $656.33, for which sum the said plaintiff took a renewal note on said date executed by this defendant and delivered to him for the payment of $656.33 to plaintiff or order with interest at twelve per cent per annum until paid, in which note the said plaintiff contracted for and reserved a greater rate of interest than that authorized and allowed by the statutes of the state of Nebraska. On the 14th day of February, 1884, the plaintiff required defendant to again renew said note, and the interest was calculated at said usurious rates, amounting to the sum of $1,066.90, and at plaintiff's request defendant executed and delivered the note sued upon to plaintiff. The defendant received from the plaintiff the sum of three hundred and thirty-seven and $\frac{58}{100}$ dollars only as the consideration for said note, and that the additional seven hundred and twenty-nine $\frac{32}{100}$ dollars of said note represents the interest contracted for and to be paid upon the sum loaned as aforesaid."

The reply is a general denial. Prior to the month of June, 1874, the plaintiff, whose residence was Des Moines, in the state of Iowa, left with the defendant, who resided at Pawnee City, in this state, about $4,000, to be loaned at the rate of twenty per cent per annum. During the

months of June, July, and August, of the year named, the
defendant and his partner, Collins, used $337.58 of the
plaintiff's money and executed notes therefor as follows :
Four notes of Collins & Babcock amounting to $228.25,
and three notes of the defendant amounting to $109.33.
Statements were rendered annually by defendant, who tes-
tifies that he reported the notes above described in the first
statement made after their execution, and that shortly there-
after plaintiff visited him at Pawnee City, at which time
said transaction was the subject of a conversation between
the parties.   On that occasion the defendant, according to
his testimony, fully advised plaintiff of the use of money
and submitted said notes to him, but the latter directed
him to keep them in his own possession, remarking that all
he wanted was his interest at the stipulated rate.

The plaintiff, on the other hand, testifies that he never
held any notes of the defendant or Collins & Babcock
previous to the note for $656.33 executed September 15,
1879.   He also contends that the note last named repre-
sented the amount of money then in defendant's hands and
unaccounted for.   Upon this issue, which is the only con-
troverted question in the case, the finding of the district
court was for the defendant, and with that finding we are
entirely satisfied.   The undisputed facts attending the
transaction tend strongly to corroborate the defendant.
For instance, the seven notes in question were all intro-
duced in evidence, each of which bears the following in-
dorsement written across its face: "Paid by new note,
September 15, '79."   Again, the plaintiff in his deposi-
tion denies that he ever held the seven notes described, but
fails to deny the use of the money with his knowledge and
consent or the understanding that defendant would pay in-
terest thereon at the rate charged other borrowers.   He
also denies taking or contracting for "illegal interest," but
neglects to fortify his conclusion with any statement of fact,
such, for instance, as the state of the account with defend-

ant as shown by his own books. Nor does it appear from his testimony, except by inference, that the amount of said notes, $337.55, was not the exact balance in his favor. The judgment is clearly right and is

AFFIRMED.